# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Case No. 5:03cr30054-2 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **BRUCE EDWARD WOODS.** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Bruce Edward Woods, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence of 161 months for drug and firearm charges. Woods alleges that counsel provided ineffective assistance, that there were chain of custody errors concerning "evidence/property" that was seized pursuant to a search warrant, and that he was not given sentence credit for time served in state custody. This matter is before the court on the government's motion to dismiss.[1] I find that Woods' ineffective assistance of counsel claim has no merit, his evidence/property claim is inexcusably procedurally defaulted, and his sentence credit claim is not properly before this court. Therefore, I will grant respondent's motion to dismiss.

## I.

On October 30, 2003, a jury found Woods guilty of conspiring to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (Count One); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Fourteen); and being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) (Count Fifteen). On March 25, 2004, I sentenced Woods to a total term of 171 months incarceration. This term consisted of 87 months as to each of Counts One and

---

[1] Although the United States titled its pleading as a "response" to Woods' § 2255 motion, within the pleading, the United States moves to dismiss the § 2255 motion and, therefore, I will consider the pleading a motion to dismiss.

Fifteen, with said terms to run concurrently, and 84 months as to Count Fourteen, with said term to run consecutive to all other counts.

On appeal, the United States Court of Appeals for the Fourth Circuit remanded the case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). At resentencing, the United States moved to dismiss Count Fifteen against Woods and I granted that motion. Also, because the firearm that Woods possessed under Count Fourteen was a machinegun and because possession of a machinegun in furtherance of a drug trafficking crime carries a mandatory minimum statutory term of imprisonment under 18 U.S.C. § 924(c)(1)(B), I increased Woods' sentence on Count Fourteen to 360 months. On April 5, 2007, I entered an amended judgment against Woods, sentencing him to a total term of 447 months. This term consisted of 87 months as to Count One and 360 months as to Count Fourteen, with said terms to run consecutively. Woods appealed, and the Fourth Circuit affirmed. *United States v. Woods*, No. 07-4395 (4th Cir. Mar. 26, 2008). Woods filed a petition for writ of certiorari, and the Supreme Court of the United States denied his petition. *Woods v. United States*, No. 08-5411 (U.S. May 4, 2009)

In April 2010, Woods filed a § 2255 motion alleging a variety of claims. *See* Docket No. 203. In May 2010, the Supreme Court ruled in *United States v. O'Brien*, 130 S.Ct. 2169 (2010), that the issue of whether a firearm is a machinegun is an element that must be charged in the indictment (the government had not charged it as an element of the offense in this case). On October 22, 2010, pursuant to the government's concession, I granted Woods' motion, vacated his sentence, and ordered that Woods be resentenced. I held a resentencing hearing and, on February 9, 2011, entered an amended judgment that resentenced Woods to a total term of 161 months. This term consisted of 77 months as to Count One and 84 months as to Count Fourteen, with said terms to run consecutively.

Woods has now filed the instant § 2255 motion, arguing that he is entitled to relief of the following grounds: 1) ineffective assistance of counsel based upon counsel's failure to raise an insanity defense or request a downward departure based on Woods' "mental problems," 2) alleged chain of custody errors related to "property/evidence" seized pursuant to a search warrant, and 3) his current sentence is improper because it does not reflect credit for time served while he was in state custody before he was indicted in this court.

## II.

Woods alleges that counsel provided ineffective assistance in failing to raise an insanity defense or request a downward departure at sentencing based on Woods' "mental problems." However, Woods has not demonstrated that counsel's performance was deficient and that he was prejudiced as a result of counsel's alleged deficient performance. Therefore, I will dismiss these claims.

In order to establish an ineffective assistance claim, Woods must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668, 669 (1984); *see also Williams v. Taylor*, 529 U.S. 362 (2000). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. *Strickland*, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n. 8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985); *Hutchins*

3

*v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983); *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1290 (citing *Strickland*, 466 U.S. at 697). In addition to proving deficient performance, a petitioner asserting ineffective assistance of counsel must prove that he suffered prejudice as a result of his counsel's deficient performance. That is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297 (citing *Hutchins*, 724 F.2d at 1430-31). In this case, Woods has not demonstrated ineffective assistance of counsel.

Woods' criminal charges for the conduct underlying his current federal convictions began in a Commonwealth of Virginia criminal proceeding. While still in state court, the judge ordered a psychological evaluation of Woods; however, this evaluation was never completed. The state criminal charges were eventually *nol prossed* after Woods was indicted in this court.[2]

In support of his allegation that counsel should have known that he had "mental problems," Woods alleges that: on the day he was arrested, "Woods came running through the yard, out of control and screaming foul language at the officers standing around with guns"; agents testified at trial as to "how strong [Woods] was" and that they knew he "was on drugs and out-of-control"; the "evidence at trial showed a picture of [Woods'] drug infested life with alcohol abuse" and "it was very evident that [Woods] was half out of his mind the night [he was arrested]"; "[i]t was evident [that] something was wrong with [Woods] because of his arguments and loud talk to his attorneys"; and "he requested new attorney[s] continuously." In response to

---

[2] I note that Woods was indicted in this court on June 4, 2003 and the state criminal charges were *nol prossed* on October 1, 2003. I also note that a *nol prossed* charge is not evidence of innocence as the defendant can be re-indicted on the same charge at a later time.

Woods' § 2255 motion, former defense counsel provided an affidavit which states that he remembers "being aware of the fact that there had been an allegation of mental illness in [Woods'] state court case and [he] remember[s] that [he] didn't think that [Woods] was mentally ill in any sense that would be of assistance." Further, the presentence investigation report indicates that Woods "denie[d] any mental health issues, and there is no evidence to the contrary."

To prevail on an insanity defense in a federal criminal case, a defendant must show that "at the time of the commission of the acts constituting the offense, the defendant, as a result of severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17. The defendant bears the burden of proving insanity by clear and convincing evidence. *Id.* In this case, there is no evidence to suggest that Woods was insane, that he was suffering from severe mental disease or defect at that time of his criminal acts, or that he was unable to appreciate the nature and quality or the wrongfulness of his acts. Woods' allegations in his § 2255 motion are simply insufficient to rise to the level of insanity. Accordingly, I find that Woods has not demonstrated that counsel was ineffective in failing to raise an insanity defense. Moreover, Woods has not alleged anything to suggest that, had counsel raised an insanity defense, there is a reasonable probability that it would have been successful. In fact, asserting a weak insanity defense could have hurt his counsel's credibility. *See McWee v. Weldon*, 283 F.3d 179, 187-88 n.2 (4th Cir. 2002) (noting that a weak insanity defense can hurt the credibility of the defense counsel). Accordingly, I find that Woods has not demonstrated that counsel provided ineffective assistance in failing to raise an insanity defense. Therefore, I will dismiss this claim.

Pursuant to U.S.S.G. § 5H1.3, "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, except as provided in Chapter Five, Part K, Subpart 2 (Other Grounds for Departure)." And, pursuant to U.S.S.G. § 5K2.13, "[a] sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity. However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants . . . ." Here, Woods essentially concedes that any deficiency in his mental capacity during the commission of his crimes was a result of his use of drugs and other intoxicants. Woods does not allege, and there is no evidence to suggest, that his use of drugs or other intoxicants was involuntary. Accordingly, I find that Woods has not demonstrated that he would have qualified for any downward departure based on his mental state or that counsel's failure to request a downward departure on this basis constituted deficient performance. Therefore, I will dismiss this claim.

### III.

Woods claims that the "evidence-property in this case was not maintained in accordance [with] Woods['] constitutional rights." Woods does not reference any specific piece of evidence, but rather, points to all 57 pieces of evidence listed on a search warrant inventory sheet attached as an exhibit to his motion. Woods argues that evidence was "tampered with" and that "the chain of custody of [the] property/evidence was broken in violation of due process." I find that Woods' claim is procedurally barred because he did not raise it on direct appeal and nothing excuses the default. Accordingly, I will dismiss this claim.

"[H]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Claims that could have been, but were not raised on direct appeal are procedurally defaulted unless the petitioner demonstrates both cause for the default and actual prejudice from the failure to review the claim,[3] *Bousely*, 523 U.S. at 622; *United States v. Frady*, 456 U.S. 152, 170 (1972); *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); *United States v. Mikalajunas*, 186 F.3d 490, 492-95 (4th Cir. 1999); *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994), or demonstrates that he is actually innocent, *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Mikalajunas*, 186 F.3d at 493. Actual innocence means factual innocence, not merely the legal insufficiency of his conviction or sentence. *Bousley,* 523 U.S. at 623-24. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006) (internal quotation marks omitted).

Since Woods did not raise this "evidence/property" claim on direct appeal, it is procedurally defaulted unless he demonstrates cause and prejudice or actual innocence. Woods does not allege any cause or prejudice to excuse his default. He also does not allege that he is actually innocent of his convictions. Accordingly, I find that Woods procedurally defaulted this claim and that he has alleged nothing to excuse his default. Therefore, I will dismiss this claim.

---

[3] To establish cause, Woods must point to some objective factor beyond the defendant's control that impeded or prevented him from presenting his claim. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Objective factors that may constitute "cause" include: (1) interference by officials that makes compliance impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel. *Wright v. Angelone*, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting *McCleskey v. Zant*, 49 U.S. 467, 493-94 (1991)). To show prejudice, Woods must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *McCarver v. Lee*, 221 F.3d 583, 892 (4th Cir. 2000) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1972)).

**IV**.

Woods argues that he should be resentenced because he has not been credited for eight months he spent in state custody before he was indicted in federal court. I find that this claim is not properly considered in a § 2255 motion and that this court does not have jurisdiction over a 28 U.S.C. § 2241 petition. Therefore, I will dismiss this claim.

Motions attacking a sentence that allegedly fails to account for time served are properly filed under § 2241 in the district in which the defendant is serving the sentence, not the sentencing court. *Williams v. Woods*, 991 F.2d 793 (4th Cir. 1993); *see also United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989). Woods' claim attacks the execution of his sentence and he is currently incarcerated at Federal Corrections Institution Beckley, in Beaver, West Virginia, which is located in the Southern District of West Virginia. Accordingly, I find that this court does not have jurisdiction to consider Woods' claim and, therefore, will dismiss it without prejudice to his opportunity to refile the claim in the proper jurisdiction.[4]

**V.**

For the reasons stated herein, I will grant the government's motion to dismiss.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the parties.

**ENTER**: This 2nd day of January, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[4] I note that on July 21, 2011, Assistant Federal Public Defender Frederick T. Heblich, Jr. advised Woods that the proper way to raise this claim was through a § 2241 petition filed in the Southern District of West Virginia.